**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JULIO ALEXANDER LOPEZ NUNEZ,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN ELIZABETH CONTRACT DETENTION FACILITY, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-11782 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Julio Alexander Lopez Nunez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Honduras. (*Id.* ¶ 1). He entered the United States on or about May 17, 2006. (*Id.* ¶ 2).

3. Petitioner was detained by ICE on September 8, 2026. (*Id.* ¶ 28).

4. ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner was to be detained. (ECF No. 7-4 at 2). Petitioner requested a review of that determination by an immigration judge. (*Id.*)

5. This Petition followed on September 10, 2026. (ECF No. 1).

6. Respondents filed an answer on September 21, 2026 stating that a bond hearing had been scheduled for September 17, 2026 but Petitioner withdrew his request. (ECF No. 7-5 at 2; ECF No. 7-1).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9. Petitioner asserts that he was never provided with a warrant for his arrest. (ECF No. 1 at 10).

10. A warrant was issued for Petitioner's arrest on September 8, 2026. (ECF No. 7-3 at 2). It is unclear whether it was issued prior to his arrest, but this Court concludes that is irrelevant now because "[f]ollowing the signing of the warrant for arrest, Petitioner's detention has been pursuant to the warrant, and he is currently in custody pursuant to § 1226(a)." *Cocha Cocha v. Tsoukaris*, No. 26-cv-9857, 2026 WL 2806733, at *2 (D.N.J. Sept. 18, 2026); *see also Par v. Jamison*, No. 26-cv-3504, 2026 WL 1603299 at * 3-4 (E.D. Pa. June 4, 2026) (denying petitioner's challenge to a warrantless arrest, when Petitioner was subsequently lawfully detained under 8 U.S.C. § 1231); *Fernando C.C. v. Bondi*, No. 26-cv-1235, 2026 WL 446408 at * 5 (D. Minn. Feb. 17, 2026) (finding because a warrant was issued within hours of petitioner's arrest, that warrant "authorized [petitioner's] continued detention pursuant to the discretionary detention framework of Section 1226(a)").

11. This Court finds Petitioner is not entitled to release based on the alleged warrantless arrest.

12. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

13. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

14. Petitioner withdrew his request for a bond hearing, which is his right, but "[i]mmigration detainees seeking to invoke this Court's habeas jurisdiction ... must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)).

15. Petitioner remains eligible to request a bond hearing if he wishes to contest his current detention.

16. Accordingly, the Petition will be dismissed without prejudice.[1]

17. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 25, 2026

[1] This Court will also dismiss Petitioner's motion for a temporary restraining order (ECF No. 2) and motion for release without bond (ECF No. 3).