**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JULIO ALEXANDER LOPEZ NUNEZ,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN ELIZABETH CONTRACT DETENTION FACILITY, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-11782 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is Petitioner Julio Alexander Lopez Nunez's motion for reconsideration ("Motion") (ECF No. 11).

2. Petitioner is a citizen of Honduras who was detained by Immigration and Customs Enforcement ("ICE") on September 8, 2026. (ECF No. 1 ¶¶ 1, 11).

3. ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner was to be detained. (ECF No. 7-4 at 2). Petitioner requested a review of that determination by an immigration judge. (*Id.*)

4. This Petition followed on September 10, 2026. (ECF No. 1).

5. Respondents filed an answer on September 21, 2026 stating that a bond hearing had been scheduled for September 17, 2026 but Petitioner withdrew his request. (ECF No. 7-5 at 2; ECF No. 7-1).

6. This Court dismissed the Petition on September 25, 2026 after concluding that Petitioner needed to exhaust his administrative remedies before seeking habeas relief. (ECF No. 8 ¶ 14; ECF No. 9).

7. Petitioner had submitted a reply via the District of New Jersey's Alternate Document Submission ("ADS") System on September 24, 2026, but it was not placed onto the docket until after this Court issued its decision. (ECF No. 10).

8. Petitioner seeks reconsideration and reopening of the proceedings for consideration of his reply. (ECF No. 11).

9. "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration has merit only when the movant shows "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Id.* (quoting *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

10. This Court will grant the Motion for the sole purpose of considering the reply, which was timely filed via ADS but docketed late, but otherwise confirms its prior ruling denying relief.

11. Petitioner asserts that he did not understand the form asking if he wanted a bond hearing. (ECF No. 10 ¶¶ 6-11). He further argues that he was not prepared to proceed with the bond hearing and that he wanted to reschedule the hearing. (*Id.* ¶¶ 20-26).

12. Petitioner was permitted to reschedule his bond hearing, but "[i]mmigration detainees seeking to invoke this Court's habeas jurisdiction ... must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)).

13. Accordingly, the Petition will be dismissed without prejudice.

14. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: November 2, 2026